wrong case. Gotcha. If it please the court Council. Good afternoon, your honors. Last day of call. Last argument of the day. I can promise excitement. We're already excited. I have a case of presenting a question of first impression to this court. I promised excitement, but the court will have to bear with me as I tell you what the question presented is. Here's a situation where a court originally imposed a sentence for class X felony of 10 years by statute. At that time, it felt obliged to add a 15 year sentence of imprisonment as a firearms enhancement. That sentence came up on appeal. The case came up on appeal, and the firearms enhancement was declared unconstitutional. The case was remanded on remand. The state presented no evidence of interim misconduct by the defendant. Under those circumstances, the question is, does section 554 A of the Code of the 10 year sentence that was originally imposed for the offense? It's a convoluted question. I acknowledge, but the answer is easy. We submit that the answer. The question should be answered in the affirmative that the trial court was limited by section 554 A. The facts here are very quickly stated. The defendant was originally convicted of unlawful use of weapons by a felon, armed robbery and aggravated criminal sexual assault. As the case proceeded to sentencing, the parties discussed the sentences. They realized that a consecutive sentence had to be imposed for aggravated criminal sexual assault. The parties also discussed whether there would be a firearms enhancement for one or both of the class X felonies. Ultimately, it was decided that there would not be one for the armed robbery because that add-on had already been declared unconstitutional. It was also decided that there was no impediment to a 15 year add-on as to the aggravated criminal sexual assault because no case had at that time considered the add-on for that offense. The trial judge then imposed a sentence of five years on the weapons offense, made it concurrent to a nine year sentence for armed robbery, then imposed a fairly similar sentence of 10 years for aggravated criminal sexual assault, and pursuant to the discussion that they had already had, added 15 years as a firearms enhancement. The case then came up on appeal. I argued that the firearms enhancement, the 15 year add-on, was unconstitutional as to the offense of aggravated criminal sexual assault. I argued that there should not have been an enhancement for either armed robbery or aggravated criminal sexual assault. This court agreed. It was a defense win. The court agreed that the add-on could not be constitutionally imposed and then in this case for resentencing. On resentencing, the state did not produce any evidence of the defendant's conduct in the interim. The defense for that part presented no evidence in mitigation either. The parties did argue about the range of sentencing on remand. The state was not sure of what that range was, but did suggest the possibility that the court was limited to the 10 year sentence that was originally imposed. Defense counsel, I believe, could have helped everyone out by specifically citing 554A of the Code of Corrections, but didn't. She did argue, though, that the judge should simply impose the 10 year sentence that was originally imposed. The judge imposed the sentence of 16 years of imprisonment, and here we are. Our argument on appeal is that the trial judge was limited by 554A of the Code of Corrections. That section, as this court is aware, generally bars increased sentences when a case is remanded for resentencing. It allows an increased sentence beyond the sentence that was originally imposed only where there has been subsequent misconduct of the defendant, perhaps prison misconduct, additional convictions, whatever, upon which the increased sentence can be based. But wasn't his original sentence 25 years? The state argues that the original sentence was 25 years because they simply took the 10 year sentence that had been imposed for the aggravated criminal sexual assault and the 15 year add-on and came up with a term of 25 years. We respectfully submit that that cannot be the reasonable view of the sentence here because this sentence was imposed under a specific statute requiring firearms enhancement, and we respectfully submit that what that firearms enhancement statute contemplates is a sentence, a term of imprisonment imposed for the base offense, if you will, and on top of that, a 15 year additional term. Now, this is an enhancement provision, and Illinois cases, Illinois statutes take a variety of approaches to enhance sentences. Extended term, for example, you start with a 6 to 30 and you increase the maximum and it becomes 6 to 60. On an armed violence statute, for example, you, when there's an enhancement there, you increase the minimum and what is a 6 to 30 becomes a 15 to 30. What I'm having a difficult understanding is that the original sentence was 10 to 15, right? 10 add for the underlying offense and a 15 year add-on. There's one offense the guy was convicted of and there was a Yes, there are one. Now, how many offenses, as to that sentence, how many offenses were there? There was one. There was one. And so it was 25. Now in remand he's got 16. Yes. But you're trying to take the one and make it into two. Because of the language of the, the language of the statute. When you divide it in two, it's like two offenses, so because the enhancements like a different offense. Well, it would be a single offense, I think, and a single sentence that was imposed if it were treated like these other enhancement provisions, like an extended term, for example. The drug offenses, you change both the minimum and the maximum. And so a 6 to 30 becomes 9 to 40. This statute that requires the enhancement does not set up a new range of 21 to 45. What it talks about very specifically, and it's quoted a number of times in the brief, because it's the essence of the argument here, it says that a term of 15 years shall be added to the term of imprisonment imposed by the court. And I respectfully submit that the only way that can reasonably be read is that there is a term of imprisonment imposed by the court here, 10 years, and there is a 15-year addition to that. And so you have, in essence, two sentences. The term of imprisonment that has been imposed and the 15-year add-on, which is quite a different beast under this statute. And the way this statute is written, it is a different beast. So is that 15 years, is that, you've got basically two sentences, right? 10 plus 15? 10 plus 15. And so that 15 is a consecutive sentence? It would be added to, by statute, it is added to the 10-year sentence that is imposed for the base offense. Under your theory, would he serve as 10 and then start serving as 15? As a matter of practice within the Department of Corrections, and he also has other consecutive sentences here, the sentences of imprisonment totaling 34 years. Now the sentences of imprisonment total 9 plus the 16, 25 years. And within the Department of Corrections, it is not going to be handled as two separate or three separate sentences that have to be served. It would be a single, the Department of Corrections is instructed by the Department of Corrections to put them all together and to come up with a total figure that must be served. The other appellate courts that have dealt with this have not agreed to the other? There has been one appellate court. There is a confused history in terms of the Fourth District case. There had been a decision that has now been vacated, and I don't believe that, given the fact that the decision has been vacated, that it should be considered as authority. That was a Ridley case, and I think that Ridley was vacated. It was vacated on other grounds, but nonetheless, it's vacated. That is what the court had ruled. The Barnes case from the First District is squarely against us. I've addressed that in some detail in the original brief and in the reply brief. I'll address it briefly today. It's contrary authority, so it's either distinguishable or wrong. As it turns out, it's both. It's distinguishable because the trial judge in Barnes took the time to specifically say, I am imposing a sentence of 25 years, 10 of which is the base offense and 15 is the enhancement. Here, the trial judge made it very clear that he was imposing, I'm going to sentence the defendant to an additional 15 years for using a weapon while committing the sexual assault. So this suggests to me, in distinction with the trial judge in Barnes, that the trial judge here believed he was imposing two sentences, one for the underlying offense and a 15-year add-on. If he believed that, why did he write a single 25-year sentence on the indictment? He, by statute, he was told he had to add the 15 years. And if he had put down a separate, listed the 15 years separately, he would not have had a separate count of the indictment to point to. And that simply would have created confusion. Quite clearly, the easiest thing for him to do was to list it with a single number of 25 years, even though under the statute, that 25 years would be 10 for the term of imprisonment imposed by the court and the 15 years which was to be added to that term of imprisonment. Barnes is distinguishable on the facts, and to the extent it's not distinguishable, it's wrong. Because Barnes, it was a situation involving a 581C, which is a, which bars a sentence increase when there is a motion to reconsider sentence file. There's no distinction simply because 554A as opposed to 581C. The point is that the judge, the court in Barnes did not consider the mechanism for the imposition of the 10 year and 15 year sentence that were 25 year sentence for a total of 25 that was imposed in that case. They spent no time at all, perhaps because of the way the trial judge in Barnes had approached it and had said 25 years. They had no occasion to take apart that and look at the statute and see how the sentence is actually put together. How the final term of years, of 25 years, is actually put together. The court in Barnes also created an absolute legal fiction and said that the original sentence that had been imposed was void. And there is simply no way, given the case law on the topic, that that was a void sentence that had originally been imposed. Clearly, a sentence increase does not come into play. There's no concern with the sentence increase if the underlying sentence is void. That sentence in Barnes was not void. The sentence that was imposed in this case of 10 years was not void. And we respectfully submit that that 10 year sentence should be the base sentence to which any sentence on remand must be compared under 5548. And we respectfully submit 5548 prohibits an increase. The sentence was 10. Now it's 16. And there's a violation. So Barnes looked at it as one indivisible sentence that included an add-on. Any part of it, the Supreme Court said, nope, that's void. The add-on was unconstitutional. Therefore, that's void. Go back for resentencing. And so they said, well, if any part of the sentence is either void or isn't because they saw it as one sentence, and your argument that it's not void is that the add-on is void. And you know what? That's exactly what happens when an extended term is improperly imposed in the case under like a Jordan rule. The Jordan rule being if he gets an extended term on a Class X, he cannot get an extended term on a Class 1. If an extended term sentence is imposed on the Class 1 in violation of Jordan, the entire Class 1 sentence doesn't become void. Only a portion of it becomes void, and that is the portion that exceeds the extended term portion of that sentence exceeds. So when relief is granted under a Jordan type of issue, and this Court has granted relief under Jordan time and time again, what you'll do is you'll take, let's say, for a Class 1 ordinary range 4 to 15, there's a 20-year sentence that was imposed improperly under Jordan. You'll divide that 20-year sentence into 15 plus 5. You'll chop off the 5. They take the 5 as you're required to under Jordan, leaving the perfectly valid, the perfectly non-void 15-year sentence. And I think that a similar approach can be taken here. You look at it. It was a 10-year sentence. A 15-year add-on imposed under the statute. That add-on is unconstitutional. What are you left with? The 10. The 10 cannot be exceeded on resentencing under 554A. Was it the same judge that resentenced on remand? Yes. Thank you, Your Honors. Your Honors, counsel, may it please the Court, my name is Kelly Stacy, appearing on behalf of the people this afternoon. The defendant in this appeal contends that the trial court improperly increased his sentence following a remand for resentencing on the charge of aggravated criminal sexual assault. However, in this case, because on remand the trial court followed this court's directive to resentence the defendant consistent with Class X felony sentencing guidelines, and because the trial court actually reduced the defendant's sentence on the charge of aggravated criminal sexual assault from 25 years to 16 years on the offense, his claim fails. The defendant is attempting to frame his 25-year sentence as a sentence of two divisible parts. That's not what the sentence actually is. It's a sentence of 25 years that does not leave a valid 10-year sentence intact by knocking off the 15 years. If the defendant's argument were correct, then upon resentencing that he could only be sentenced to a 10-year sentence for aggravated criminal sexual assault, this court could have, under its powers under Supreme Court Rule 615b-4, simply modified the sentence to 10 years without a remand for resentencing. The defendant is attempting to distance himself from the Barnes case, but that's exactly what occurred in the Barnes case. The Barnes case says it is one unit of a sentence. It's not divisible into two separate parts. Therefore, when there's a remand, the court is to sentence the defendant consistent with 6-30 years on Class X felony sentencing guidelines. In addition to that, there's another case that is controlling here, and that's an Illinois Supreme Court case that this court noted in remanding the case, and that's People v. Hochschild. In that case, the Supreme Court held that when an amended sentencing statute has been found to violate the proportion of penalties clause, the proper remedy is to remand for resentencing in accordance with the statute as it existed prior to the amendment. Prior to the amendment, the defendant would have been subject to Class X felony sentencing for aggravated criminal sexual assault of 6-30 years. In this case, the defendant was successful on appeal in arguing that his sentence of 25 years violated the proportionate penalties clause because it was disproportionate to the offense of armed violence predicated on criminal sexual assault. This court then, under the guidelines of People v. Hochschild, said it's got to go back to the trial court. Trial court, you are to resentence the defendant consistent with the Class X felony sentencing guidelines of 6-30 years. On remand, the trial court considered the factors in aggravation and mitigation and considered the defendant's prior record. In this case, the defendant was out of prison for less than three weeks when he committed aggravated criminal sexual assault. The defendant's 16-year sentence on remand serves to protect the public and provide strict correctional treatment, and it falls squarely within the guidelines of Class X felony sentencing. I'll keep it short and sweet. If there are no further questions, then I'll go ahead and just conclude. The defendant's sentence on remand was not increased. It was decreased. So even if he's correct that Section 5-5-4A applies, we don't have an increase here. We have a decrease in the term of the sentence from 25 to 16. Accordingly, the people respectfully request this court affirm the decision of the trial court. Thank you. Thank you, Counselor. Just briefly, Your Honor. Let me ask you, if you could, before you start. Sure. In the real world, you get these mandatory add-ons that are assuming they're constitutional. Don't the trial judges use little Kentucky windage and say, look, I think this guy deserves X years in prison, so what I'm going to do is, you know, but for the add-on, I'll sentence him to X years. But because there's a 15-year add-on, I'm going to sentence him to somewhere around X minus 15. And so, you know, they're using their discretion, you know, they're, let's say, using some Kentucky windage to get where they want to get regardless. And are you going to send the wrong message if you say, gee, if there's anything wrong with the add-on, if I want this guy to serve 15 years, for example, I'm going to give him 15, even though I think with the add-on, in the trial judge's opinion, it's too harsh. So he gives him 30 just in case the court of review finds some problem with the add-on. Well, and I'd be, I'd agree with that without hesitation, except it strikes me that so much, that there's been so much confusion. You know, if the judge was just shooting for a particular term and saying, such and such an offense is worth this much time, one would have expected to see a reduction in murder sentences, for example, when we went to 100 percent time. Because if judges were saying, okay, 20 years, I know that means 10, I really want 20, so I have to give 40. If it's at 100 percent, the judges should have immediately gone to 20 years. And that didn't happen. And so I'm not sure that I can say without hesitation that there's some rough justice that's being secured, accomplished generally. In this case in particular, the trial judge was very specific about what he was doing. Again, I emphasize, in contrast to the trial judge in Barnes, this judge said, I'm giving you a sentence of 10 years for aggravated criminal sexual assault. And I am adding on top of that, I'm giving you 15 years for committing this offense while using a firearm. So I think whatever rough justice might be achieved in other cases, that was not really what was being done here. I'd like to address just briefly the court, the state's suggestion that what this court did, I'm glad they didn't repeat the language from their brief. In their brief, they suggested that this court had sent the trial judge on a fool's errand by sending this case back for resentencing. Now, given the trial judge here and given some of his intemperate remarks at times, this court may very well have been tempted to send him on a fool's errand. But this court didn't. There was no fool's errand here. This court did exactly what it needed to do, which was to remand for resentencing. Because on remand for resentencing, the court was going, by statute, Section 553D, the court had to conduct a new sentencing hearing. The trial judge, by statute, had to consider any evidence that was presented as to his misconduct. That gave, by statute, the case went back, this is what the judge was supposed to do. The state could have introduced evidence of additional convictions. They could have introduced evidence of prison misconduct. And they could have cited that as additional aggravation to the court. And by the same token, the defendant could have presented evidence in mitigation. Mr. Munoz here, in allocution, mentioned the fact that he had basically tried to keep his nose clean while in Pontiac and serving his sentence. So he made the attempt to establish mitigation. Now, we're not arguing that that was sufficient mitigation to require a reduction, but he attempted that. When this court sent the case back for resentencing, you did exactly what you were required to do, what you needed to do, in fairness to both the state and the defendant. You gave them the opportunity, both parties, the opportunity to present additional evidence. If the state had marshaled additional evidence in aggravation, the judge could have increased the sentence and could have done so consistent with the language of 554A. If the defense had been able to muster significant evidence in mitigation, the trial judge could have imposed a sentence less than 10 years. This court did not send anyone on a fool's errand, did not merely cite People v. Hotshield. This court did exactly what it needed to do when it remanded the case for one remand. It needs to consider that there was no evidence in aggravation presented by the state. It needs to look at the language of 554A and realize that 554A bars an increased sentence here. The court should then go on to reduce the sentence of 16 years that was imposed on resentencing to the original term of 10 years. And we ask for that approval. The court will take a recess until the next term, so we're in adjournment. We'll take this case under advisement and we'll reach a decision with dispatch.